# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BANK OF AMERICA.

    Plaintiff,

v.

WEST SAHARA COMMUNITY ASSOCIATION, et al.

    Defendants.

Case No. 2:16-cv-500-RFB-BNW

**Order re ECF No. 89**

Before the Court is counterclaimant Noesis Estate Management's motion requesting the ability to serve counterdefendant Jason L. Snow by publication and to extend the time for that service. ECF No. 89. The Court finds that Noesis does not meet the requirements for service by publication. However, there does exist good cause for an extension of the service deadline. Therefore, ECF No. 89 will be granted in part and denied in part.

**I.    Background.**

On March 8, 2016, Bank of America filed its complaint against West Sahara Community Association, Alex Berezovsky (individually and as Trustee of the Aber Trust), Noesis Estate Management LLC (Noesis), and ATC Assessment Collection Group, LLC. ECF No. 1. On April 12, 2016, Noesis filed its answer and counterclaim against Snow. ECF No. 89-1. In the Counterclaim, Noesis seeks to declaratory relief and to quiet title. ECF No. 11.

On June 16, 2016, Noesis filed a Motion for an Order Extending Time to Serve Summons and Counterclaim and Allowing Service by Publication. ECF No. 30. Soon thereafter, a stay was entered in the case and Noesis's Application was denied without prejudice. ECF No. 35.

On April 8, 2019, the Court lifted the stay. ECF No. 43. Shortly thereafter, Noesis filed its Renewed Application for an Order Extending Time to Serve Summons and Counterclaim and Allowing Service by Publication. ECF No. 52. Subsequently, on November 25, 2019, the Court

entered another stay relating to a potentially dispositive matter pending with the Nevada Supreme Court. ECF No. 62. As part of the Second Stay, the Court denied Noesis's Renewed Application without prejudice. *Id.*

The last stay automatically lifted after the Nevada Supreme Court decided the pending matter, and the parties subsequently filed their respective dispositive motions on May 14 and June 8, 2020. ECF Nos. 65 and 70. At the hearing on the dispositive motions, held on March 10, 2021, the Court ordered the dispositive motions moot based on the pending settlement and granted Noesis leave to file the instant motion. ECF No. 88. This motion followed. ECF No. 89.

**II. Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:
    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:
    (A) through pleadings or other evidence establish that:
      (i) a cause of action exists against the defendant who is to be served; and
      (ii) the defendant is a necessary or proper party to the action;

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, the Court finds that Noesis has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Snow by publication. Specifically, Noesis has satisfied requirement Nos. 3, 4, and 6, but none of the others.

Beginning with factor 3, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW

---

    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
        (i) the defendant's last-known address;
        (ii) the dates during which the defendant resided at that location; and
        (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

DICTIONARY (11th ed. 2019). Noesis's theory, set forth in its pleadings, meets the third requirement.

Further, the Court finds that, based on Noesis' Counterclaim, Snow is a necessary and proper party to this matter because he supposedly played a role in the alleged conduct. Thus, Noesis meets the fourth requirement, too.

Turning to requirement no. 6, NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Rule 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case and the Court will not ask Noesis to modify the summons already issued for Snow at ECF No. 15.

However, Noesis has not met the remaining requirements for service by publication. Regarding factor No. 7, Noesis has not suggested one or more newspapers in which the summons could be published and that is reasonably calculated to give Snow actual notice.

Further, the Court finds that Noesis cannot meet the remaining factors because its efforts to locate and serve Snow occurred almost five years ago in 2016. ECF No. 89-1 (citing ECF No. 29, dated June 6, 2016). The Court in its discretion finds that the efforts described in Noesis's motion are too stale to: show that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable"; demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; and provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since

that time or at which defendant can be found. Accordingly, Noesis's request to effect service by publication will be denied because the Court is not yet convinced that service by publication is reasonably calculated to provide notice and an opportunity to respond.

**III.     Enlarging the time for service**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires the court to extend the time for service if good cause is shown.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether there exists good cause, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Noesis has shown good cause and will grant an extension. Noesis filed its Counterclaim on April 12, 2016. Since then, the process server diligently attempted service using the information it had available to it. ECF No. 89-1. Thus, Noesis has been diligent and the Court turns now to the three *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not evince that Snow received actual notice of the lawsuit. However, this lawsuit is still in its infancy and has not advanced beyond the pleading stage. Further, this would constitute Noesis' first extension after two prolonged stays. Thus, the Court finds that the second factor weighs in favor of good cause because Snow will not be prejudiced by the extension. In addition, prejudice would certainly result if Noesis cannot hold accountable one of the persons it believes is responsible for the allegations in the complaint. The Court in its discretion finds that Noesis's diligence, coupled with the lack of prejudice Snow would suffer, and the prejudice Noesis would suffer constitutes good cause for an extension.

**IV. Conclusion.**

IT IS THEREFORE ORDERED that Noesis' motion (ECF No. 89) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that if Noesis wishes to file another motion requesting service by alternative means, it must do so by May 24, 2021 and comply with the directives in this Order.

IT IS FURTHER ORDERED that the deadline for service upon Snow is extended up to and including 90 days following the issuance of this order.

DATED: April 30, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE